## A. T. GRANT V. THE STATE.

### No. 2677. Decided December 3, 1902.

**1.—Continuance or Postponement—Disqualification of Jurors.**

Disqualification of jurors which might set them aside under the jury law, can not be availed of as grounds for continuance or postponement.

**2.—Defendant's Failure to Testify—Charge.**

It is proper for the court to charge the jury that defendant's failure to testify should not be considered by them, nor taken as a circumstance against him.

**3.—Robbery of Two Parties—Charge.**

Where the evidence developed the robbery of another party at the same time and place, it was proper for the court to charge the jury, that they should not consider the evidence of the robbery of prosecutor's companion for any other purpose than that of developing the transaction; and that defendant could not be convicted of such second robbery in this case, as that offense was not charged in the indictment.

Appeal from the District Court of Lavaca. Tried below before Hon. M. Kennon.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with robbing P. Medina of a purse and $1.75 in money.

The testimony showed that Medina's companion, B. Lopez, was robbed at the same time of 75 cents. The robbery was committed by appellant and three other negroes.

No briefs on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for robbery, the penalty assessed being five years confinement in the penitentiary.

Application was made to postpone the trial because the regular jury for the week had heard the trial of two companion cases, and, further, because the citizens of Hallettsville, whence the sheriff was expected to secure talesmen, were prejudiced against appellant. This motion was overruled. The court certifies, by way of explanation, that the regular jury for the week was kept out of the courtroom during the entire proceeding in the two companion cases, and instructed not to permit any one to talk to them or in their presence about any case pending before the court. When this case was called, there were more than twelve jurors of the regular jury who did not sit in either of the companion cases, and who heard no part of the proceeding. When the sheriff was ordered to summon talesmen, he was instructed not to summon jurors residing in Hallettsville, and, as a matter of fact, did not, and no juror who sat in the case was a resident of Hallettsville. This does not constitute ground for postponement of the trial, as has been frequently decided. If the jurors were disqualified, from prejudice

or otherwise, they could have been gotten rid of under the jury law, and not under that which pertains to continuances and postponements.

The court charged the jury, in substance, that the failure of defendant to testify in his own behalf should not be taken as a circumstance against him, and the jury would not so consider it, to which appellant reserved an exception. By quite a number of decisions, this has been held to be proper.

The alleged injured party testified on the trial, among other things, that at the time of the alleged robbery his companion was also robbed; that they were sitting together in the house where the robbery occurred, and appellant and his associates rushed in with drawn pistols and took money from each of them. Both robberies occurred at the same time and place. The court instructed the jury in regard to this matter that they should not consider the evidence as to the robbery of prosecutor's associate for any purpose other than that of developing the transaction under consideration, etc., but that appellant could not be convicted for robbing the prosecutor's associate, as that offense was not charged in the indictment. We think this charge was proper, and, to say the least of it, was not injurious to appellant. It informed the jury that they could not convict appellant for the robbery for the other act. This was confining the evidence to its proper office, and guarded the jury against convicting appellant for the other robbery, which was correct and proper.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*